**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSMAN BASHA DUNGAL, | No.    14-71957 |
| Petitioner, | Agency No. A070-074-623 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2017[**]
Pasadena, California

Before:  NGUYEN and HURWITZ, Circuit Judges, and SEEBORG,[***] District Judge.

Osman Basha Dungal, a native and citizen of the Sudan, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

from an Immigration Judge ("IJ") order denying Dungal's applications for asylum, withholding, and relief under the Convention against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and deny the petition for review.[1]

1. Substantial evidence supported the IJ's conclusions that Dungal had not suffered past persecution and does not have a well-founded fear of future persecution. Although Dungal may experience discrimination in the Sudan because he is a member of the Nuba tribe and an amputee, the record does not compel the conclusion that he will be persecuted. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (alteration in original) (internal quotation marks and citation omitted) (noting that the BIA's "[f]indings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

2. The BIA's determination that Dungal did not show "it is more likely than not he would be subject to persecution" because of a protected ground is supported by substantial evidence. *Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001) (citation omitted). Thus, he is also ineligible for withholding of removal.

3. The IJ correctly concluded that Dungal's Temporary Protected Status claim was moot because he did not re-register.[2]

---

[1] The BIA found that Dungal waived his CAT claim, and he does not challenge this holding in his petition for review.

[2] Given our conclusions today, we need not address whether Dungal is also ineligible for relief for providing material support to a terrorist organization. *See*

2

**DENIED.**

---

8 U.S.C. §§ 1182(a)(3)(B)(iv)(VI), 1158(b)(2)(A)(v), 1231(b)(3)(B)(iv), 1254a(c)(2)(B)(ii).